IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 19 2018

BY
DEPUTY_____

| | | |
|---|---|---|
| JESSE PAUL SKINNER,<br>　　　Plaintiff | X | |
| | X | |
| V. | | ORDER TO SHOW CASE FOR AN |
| | X | PRELIMINARY INJUNCTION and |
| BRYAN COLLIER ET AL,<br>　　　Defendeants | | TEMPORARY RESTRAINING ORDER |
| | X | Civil Action No.9:18-CV-139 |

Upon the complaint,the supporting affidavit of complaint, and memorandum of law submitted herewith,it is;

ORDERED, that defendants Bryan Collier,Matt Gross,Billy Lewis,Bruce Johnson,Kenneth Hutto,James Kent,Black Norman,George Jansky.Jr, Krystel Hohenbrink,Samuel Dominey,Cora Sims,and the Texas Department of Criminal Justice, show cause in room_____ of the United States Courthouse,U.S.D.C. Eastern District of Texas 104 North Third Street,Lufkin,Texas 75901, on the____day of_____, 20____, at_____o'clock, why a preliminary injunction and temporary restraining order should not issue pursuant to 65(a),(b) of the Federal Rule of Civil Procedure enjoining the defendants,their successors in office,agents, and employees and all other persons acting in concert and participation with them, from;

1). Harassing or Retaliation against the Plaintiff, Jesse P.Skinner,TDCJ# 599362,for pursuing or exercising his right to file complaints through the (TDCJ-CID) grievance procedure and right to Access to Courts under the First,Eighth,and Fourteenth Amendments of the Constitution.

2). Mistreatment of Plaintiff,Jesse P.Skinner,TDCJ # 599362, through threats,unauthorized/illegal denail of privileges,and entitlements as an American with Disabilities under the Americans with Disabilities Act/Rehabilitation Act,under the Eighth and Fourteenth Amendment of the Constitution.

Page 1.

**Immediate and Irreparable Injury,loss or damage will
result** if the Court does not grant a preliminary injunction
and/or a temporary restraining order under Rule 65(a),(b).

IT IS FURTHER ORDERED, that effective immediately,
and pending the hearing and determination of this order to
**Show Cause,** the defendants Jequille Reed,Bruce Johnson,James
**Kent,Kenneth Hutto,**John Stubblefield,Mihael Brown,Stacy Drosche,
and **Justin McKnight,Alvin Perry,**and each of their officers,
agents,employees,and all persons acting in concert or participation
with them,are restrained from **Harassing or Retaliation, and
Mistreatment of Plaintiff for exercising his right to access to
courts. Unauthorized/illegal denial of privileges,entitlements
under the American with Disabilities Act/Rehabilitation Act.**

IT IS FURTHER ORDERED, that the order to Show Cause,and
all other papers attached to this application,be served on the
aforesaid Plaintiffs by date:_____.


JUDGE _____


Date;_____
United States District Judge




Page 2.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff asks the Court to grant a motion for a preliminary injunction and temporary restraining order against Defendants.Pursuant to Rule 65(a)(b) Federal Rule of Civil Procedure.

1). Plaintiff sued defendants for Unconstitutional Conditions of Confinement for Extreme Heat Temperatures, Extreme Cold Temperatures,Inadequate Food,Inadequate Laundry, Unsanitary Showers and Housing Facilities,Inadequate Lighting, and Failure to Accommodate Plaintiff's Medical Disabilities under the Americans with Disabilities Act/Rehabilitation Act, Retaliation For Exercising the right to Access to Courts,and Equal Protection Violations.

2). Plaintiff,Jesse Paul Skinner,pro se, alleges that the Defendants (Listed) in Skinner V.Collier et al,and all defendants listed herein; John Stubblefield.Captain,Michael Brown.Sgt,Stacy Drosche,Office,Kenneth Ragland.Lt,Justin McKnight.Sgt,and Alvin Perry.Sgt are subjecting the Plaintiff at the (TDCJ) Eastham Unit (with a chronic medical condition) to Unconstitutionally dangerous conditions,and Retaliation for exercising his constitutional right to access to courts.

3). Plaintiff's attached (Declaration) proves the allegations in the application for preliminary injunction and temporary restraining order for relief are attached and in-corporated by reference.

### I.  ARQUMENTS

4). Plaintiff will suffer immediate and irreparable injury if defendants are not immediately restrained from (Retaliating) against Plaintiff through (Housing Changes) forcing Plaintiff to (Carry) his (Property) against his

Page 3.

(Medical Disabilities)and assigning Plaintiff to (Housing)
that are Harmful and a serious (Risk) of (Harm) to Plaintiff's
health and safety through their retaliation.Ruiz V.Estelle,
679 F.2d 1115 (5th cir 1982);and Janvey V. Alquire,647 F.3d,
585,595 (5th cir 2011);Calhoun V. Margone,312 F.3d 730 (5th
cir 2002).

a). The defendants are retaliting against Plaintiff for
filing a section 1983 claim for unconstitutional conditions
of confinement,and for filing grievances is a protected
conduct under the First Amendment of the Constitution.

b). What the prison agents,employees,and defendants are
doing to (Plaintiff) is a "adverse action" was so bad that
it would stop an average person from continuing their suit.

c). There is a causual connection  to (Prison Officials)
retaliation against Plaintiff was directly related to my
access to court and the filing of (TDCj) grievances, a
protected conduct,under the First Amendment.

5). There is a substantial likelihood that Plaintiff
will prevail on the merits. The Eighth Amendment imposes on
prison officials the duty to provide humane conditions of
confinement, including adequate food,clothing,shelter, and
medical care. Farmer V. Brennan, 511 U.S. 825,832, 114 S.ct
1970 (1994). Also, Brown V.Bargery, 207 F.3d 863 (6th cir 2000)
of failure to accommodate disabled (Prisoner's) disabilities;
Also see, Bibbs V.Early, 541 F.3d 267 (5th cir 2008)that
prisoners should not be subjected to extreme heat or cold
temperatures.

6). The threatened harm to Plaintiff outweighs the
harm a tempoaray restraining order would inflict on defendants.
Ruze, 679 F.2d at 1117.

7). The Court shuold not require security from the
Plaintiff because the Plaintiff is indigent seeking to
Page 4.

vendicate Constitutional rights. Therefore, no bond should
be  required of Plaintiff. See, Kaepa In, V. Achilles Corp,
76 F.3d 624,628 (5th cir 1996)( in holding that the amount
of security required to Rule 65(c) is a matter for the
discretion of the trial court,we have ruled that the court
may elect to require no security at all).

       8). The court should enter this temporary restraining
order without notice to defendants because Plaintiff will
suffer immediate and irreparable injury,loss,or damage if
the TRO is not granted before defendants can be heard,see,
Ruiz V. Estelle, 550 F.2d 238,239 (5th cir 1977)  concluding
that the Plaintiff had been subjected to threats,intimidation,
coercion,punishment,and discrimination,all in the face of
protective order to the contrary by the district court.id.
Notice would be impractical or impossible to protect plaintiff's
interests, See Federal Rule of Civil Procedure 65(b).

       9). Plaintiff asks the court to set the request
for a preliminary injunction for hearing at the earliest
possible time.

II.  CONCLUSION

      Plaintiff prays that this Honorable Court grant a
Preliminary Injunction and Temporary Restraining Order against
(All) defendants listed in this application. To (Stop) any
further (Retaliation) and (The Failure To Accommodate Plaintiff's
Medical Disabilities) for Exercising His Right To Access To
Courts.

Jesse Paul Skinner,pro se

Page 5.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS FOR
LUFKIN DIVISION

JESSE PAUL SKINNER,                    X
       Plainmtiff,
                             X
V.                                     DECLARATION OF
                           X JESSE PAUL SKINNER
BRYAN COLLIER ET AL                    CIVIL ACTION 9:18-CV-139
       Defendants                      X

**JESSE PAUL SKINNER,DECLARE:**

    I have been incarcerated at the Texas Department of
Criminal Justice Correctional Institutional Division (TDCJ-CID),
since 1991, and assigned to the Eastham Unit  since 1999.
On July 31,2018,I filed a Conditions of Confinement Suit against
all defendants in Skinner V. Collier et al,seeking relief from
Unconstitutional Conditions of Extreme Heat Temperatures, Extreme
Cold Temperatures,Food Service,Laundry Services,Unsanitary
Showers,and Housing Facilities,Inadequate Lighting,and failure
to accommodate Plaintiff's Disabilities under the Americans
with Disabilities Act/Rehabilitation Act,Retaliation,and
Equal Protection Violations.

    1). After exercising my right to access to court,July
31,2018, I have been moved from one housing location to another
six (6) times or more by (Defendants) their agents and employees
out of retaliation and an act to harm (Plaintiff) for pursuing
his Constitutional Rights under the First,Eighth,and Fourteenth
Amendment of the Constitution.

    2). The defendants through having me moved from one
housing to another,in which,is always to three (3) row,have
caused me to reinjure my right and left shoulders injuries,
from having to carry my (property) up and down stairs,as a
person with medical disabilities of No-Lifting Over-20 Pounds,
through retaliation for exercising my rights to access to court.

Page 1.

3). The defendants further cause  me harm by palcing me
in cells where I have to Store my property above my head and
shoulder,is irreparable harm to my medical disabilities of No
Reaching Over Shoulders because of my shoulder injuries.
On October 23,2018,Plaintiff received another move-slip from
defendants from M-line-3-15-b to P-line-2-8-b,as a (Chronic
Patient) with medical disabilities of No-Lifting Over -20
pounds,and after receiving shoulder surgery on October 2,2018,
and in possessiong of a active medical pass for No Stranuous
Activities or Heavy Lifting,or Gripping. I were denied the
assistance of a (Buggy or Help) to transport my property that
weigh 200 lb, to my new housing location by Capt   John
Stubblefield,Sgt.Mithael Brown,and Officer Stacy Drosche ,that
caused me to reinjure my right and left shoulders.

4). If no preliminary injunction or temporary restraining
order is issued by this Court, "Immediate and Irreparable Injury,
loss or damage will result" if the Defendants Billy Lewis.Warden,
Kenneth Ragland.Lt,Justin McKnight.Sgt,Alvin Perry.Sgt are
allowed to continue to force Plaintiff to carry his prperty up
and down stairs wearing (only) boxers and shower shoes during
this procedure,as a disabled individual,will result in serious
irreparable injury to Plaintiff.

Plaintiff filed the initial complaint against these defendants
June 4,2018,in which,TDCJ had not responded in grievance No.
2018143333,when plaintiff filed the original complaint for
retaliation against all parties on July 31,2018.The original
complaint is in the process of being (Amended) to add these
defendants to Skinner V. Collier et al 9:18-CV-139 Conditions
of Confinement.

The (TDCJ) Eastham Facility is once again on lock-down for it's
annual shake-down procedure and Plaintiff will be forced to
carry his prop erty   up and down stairs wearing boxers and
Page 2 .

shower shoes (an unsafe act) of placing Plaintiff's health
and safety at serious (Risk) of (Harm) will result in irreparable
harm to Plaintiff through defendant's failure to accommodate
Plaintiff's disabilities of No-Lifting-Over-20-Pounds and No
Reaching-Over-Shoulders.

5). The defendants should not have to receive notice
because they received notice through the filing of Plaintiff's
complaints through the (Prison's) grievance procedure. And
Plaintiff also seeks a Tempoaray Restraining Order under
Rule 65(b)(1)(A) of the Federal Rule of Civil Procedure.
Plaintiff's declaration clearly show facts that immediate
and irreparable injury,loss or damage will continue to the
movant before the adverse party can be heard in opposition.


Declaration of Plaintiff

_Jesse P. Skinner_
Jesse Paul Skinner.pro se



UNSWORN DECLARATION

28 U.S.C.A §1746,  I declare under penalty of purjury that
foregoing are true and correct.Executed on this _9_ day of
November 2018. In that this and all documents were served
on the clerk of the Eastern District Court of Texas.

_Jesse P. Skinner_
Jesse Paul Skinner.pro se




Page 3.

Mr.Jesse P.Skinner
TDCJ # 599362/Eastham
2665 Prison Rd.#1
Lovelady,Texas 75851


November 9,2018


United States district Court
Eastern District of Texas
104 North Third Street
Lufkin,Texas 75901


RE: SKINNER V. COLLIER ET AL Case No. 9:18-CV-139,Motion
    For Preliminary Injunction and Restraining Order:

Dear Clerk,

    Please find Plaintiff's Motion for Preliminary
Injunction and Tempoaray Restraining Order enclosed.

Please inform Plaintiff of any movement in this action
as soon as possible.


I thank you for your time and attention.
I await your response. I Remain.

Sincerely,

Jesse P. Skinner

Jesse Paul Skinner    pro se


cc/jps/apl

enclosures

.Jesse P.Skinner
CJ# 599362/Eastham
65 Prison Rd.#1
velady,Texas 75851

Clerk of the Court
United States District Court
Eastern District of Texas
104 North Third Street
Lufkin,Texas 75901