IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE PAUL SKINNER | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv139 |
| BRYAN COLLIER, ET AL | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jesse P. Skinner, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. no. 17) seeking a preliminary injunction or temporary restraining order.

### Analysis

A party seeking a preliminary injunction or temporary restraining order must establish the following elements:  (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if preliminary injunctive relief is not granted; (3) the threatened injury outweighs the threatened harm to the defendants and (4) the granting of relief will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991 (5th Cir. 1987); *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  Relief

should be granted only if the party has clearly carried the burden of persuasion as to all four elements. *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618 (5th Cir. 1985).

After reviewing the file in this matter, it cannot be concluded that plaintiff has carried his burden of persuasion.  On the record before the court, there is not a substantial likelihood plaintiff will prevail on the merits.  Further, plaintiff has not demonstrated there is a substantial likelihood irreparable harm will result if preliminary injunctive relief is not granted.  Accordingly, plaintiff is not entitled to preliminary injunctive relief at this time.

## Recommendation

Plaintiff's motion for a preliminary injunction or temporary restraining order should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of August, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE