IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE PAUL SKINNER | § | |
| VS. | § | CIVIL ACTION NO. 9:18-cv-139 |
| BRIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jesse Paul Skinner, proceeding *pro se*, filed the above-styled civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. 88.) seeking to have a class certified under Federal Rule of Civil Procedure 23. Plaintiff states the class would be comprised of inmates who were confined at the Eastham Unit between 2018 and 2021 and were subjected to the policy of failing to regulate the temperature in the housing and facilities areas.

Analysis

The purpose of a class action is to conserve resources of both the courts and the parties by economically litigating issues that potentially affect every class member. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982); *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471 (5th Cir. 1986). To further this goal, Federal Rule of Civil Procedure 23(a) provides that a member of a class may bring suit as a representative on behalf of the other members only if: (1) the joinder of all members is impracticable because the class is so numerous; (2) there are common questions of law or fact; (3) the claims of the representative are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

As Plaintiff is proceeding *pro se*, he cannot satisfy the adequacy requirement in Rule 23(a). The United States Court of Appeals for the Fifth Circuit interprets the adequacy requirement to "require the class representatives to possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475 482-83 (5th Cir. 2001)). In accordance with this understanding, courts have prohibited *pro se* prisoner class actions from proceeding for fear that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citing *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967)). As a consequence, it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine*, 509 F.2d at 1407; *see also DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.").

As Plaintiff is proceeding *pro se*, he is unable to satisfy the adequacy requirement set forth in Rule 23(a). The motion for class certification should therefore be denied.

## Recommendation

The motion for class certification should be denied.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 29th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE